**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 99-266-01** |
| | : | |
| **RAYMOND LEE WESTON** | : | |

---

**Diamond, J.**                                                                                   **April 14, 2008**

## M E M O R A N D U M

Defendant Raymond Lee Weston moves for a reduction of his sentence pursuant to 18

U.S.C. 3582(c)(2) and Amendment 706 to United States Sentencing Guideline § 1B1.10, which

reduced the guideline range for most crack cocaine-related offenses.  On April 2, 2008, I denied

Defendant's Motion.

### I.      Background

On May 11, 1999, the grand jury charged Defendant with possession with intent to

distribute crack cocaine, possession with intent to distribute crack cocaine within 1,000 feet of a

school, and two firearms offenses.  See 21 U.S.C. §§ 841(a)(1), 860; 18 U.S.C. §§ 924(c),

922(g)(1).  (Doc. No. 1.)  After entering into a cooperation agreement, Defendant pled guilty on

September 13, 1999 before the late, Honorable Herbert J. Hutton.  (Doc. No. 13.)  Under the

then-mandatory guidelines, the adjusted level for Defendant's drug offenses was 25; his criminal

history category was V.  His guideline range on the drug counts was thus 100 to 125 months.

(Doc. Nos. 30, 32.)  Defendant was also subject by statute to a mandatory minimum of 120

months imprisonment on one of the drug charges.  21 U.S.C. § 841(B).  (Id.)  After granting the

Government's § 5K1.1 motion for a downward departure, Judge Hutton sentenced Defendant to

two concurrent 60 month terms on the drug charges and a consecutive sentence of 60 months on

the weapons charge to which he pled guilty – a combined sentence of 120 months imprisonment.

See U.S.S.G. § 5K1.1.  (Doc. No. 26.)

On November 11, 2007, the Sentencing Commission approved Amendment 706, which generally reduced the offense levels respecting crack cocaine-related crimes.  On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively.

On January 11, 2008, this case was reassigned to me.  (Doc. No. 28.)

**II.     Legal Standards**

Section 3582(c)(2) authorizes district courts to re-sentence criminal defendants in accordance with retroactive guideline amendments:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The applicable policy statement provides in relevant part:

> (2) Exclusions – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if –
>
> ***
>
> (B) [the amendment] does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G.  § 1B1.10.

**III.    Discussion**

Defendant contends that the Amendment 706 lowered his guideline range from 100-125

months to 84-105 months, and that a proportional downward departure from this new range would yield concurrent sentences of 50 months on his convictions under § 841 and § 860.  Added to his consecutive 60 month sentence on the weapons offense, this would result in a sentence of 110 months.  The Government argues that because § 841's mandatory minimum sentence of 120 months precludes Amendment 706's application here, I do not have any authority to impose a new sentence.  Defendant counters that the mandatory minimum is irrelevant here because: (1) the language of § 3582(c)(2) authorizes re-sentencing whenever the guideline range has been lowered, irrespective of the mandatory minimum; and (2) by its § 5K1.1 Motion, the Government "waived" the mandatory minimum.

### A.       Language of Section 3582(c)(2)

Defendant's argument is both creative and confusing.  He notes that § 3582(c)(2) provides the Court with authority to re-sentence a defendant "who has been sentenced to a term of imprisonment based on a *sentencing range* that has subsequently been lowered by the Sentencing Commission."  Defendant also notes that under guideline § 5G1.1, "the statutorily required minimum sentence shall be the *guideline sentence*."  Thus, in Defendant's view, the "sentencing range" and the "guideline sentence" are "very different thing[s]" that may not be "conflate[d].  (Def. Brief at 4-5.)  Because § 3582(c)(2) authorizes re-sentencing when the "guideline range" is lowered, the existence of a mandatory minium is irrelevant because that minimum affects only the "guideline sentence" (not the "guideline range").  In support of his analysis, Defendant offers several decisions in which courts – addressing provisions other than § 3582(c)(2) – have suggested possible distinctions between a "sentencing range" and a "guideline sentence."  See United States v. Cordero, 313 F.3d 161 (3d Cir. 2002); United States

v. Head, 178 F.3d 1205, 1206-08 (11th Cir. 1999).  In other instances, however, those same

courts – again addressing provisions other than § 3582(c)(2) – have "conflated" the terms

"guideline range" and "guideline sentence."  United States v. Rodriguez, 975 F.2d 999, 1003 (3d

Cir. 1992) (the guideline range of 97 to 121 months became 120 to 121 months due to statutory

minimum of 120 months); United States v. Brehm, 442 F.3d 1291 (11th Cir. 2006) (guideline

range of 108 to 135 months was adjusted to 120 to 130 because of 120 month mandatory

minimum).

In light of this conflicting dicta, I must look elsewhere to determine if Defendant has

correctly analyzed § 3582(c)(2).  Unfortunately for Defendant, his analysis contradicts the

Sentencing Commission's policy statements, which § 3582(c)(2) requires me to consider.  The

Application Notes to U.S.S.G. § 1B1.10 explicitly state that a reduction in a defendant's sentence

is not authorized under § 3582(c)(2) and

> is not consistent with this policy statement if: . . . (ii) an amendment [to the guideline range] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guidelines or statutory provision (e.g., *a statutory mandatory minimum term of imprisonment*).

U.S.S.G. § 1B1.10 Application Notes 1(A) (emphasis added).

In these circumstances, § 841's 120 month mandatory minimum precludes the application

of Amendment 706 to lower Defendant's guideline range.  The language of § 3582(c) thus does

not entitle Defendant to be re-sentenced.  This conclusion is consistent with the reported

decisions of every court that has addressed the question.  See United States v. Ortiz, No. 04-CR-

268, 2008 WL 709488 (S.D.N.Y. March 17, 2008); United States v. Gonzalez, No. 96-CR-29,

2008 WL 660264 (D. Me. March 6, 2008); United States v. Veale, No. 03-CR-167, 2008 WL

619176 (N.D.N.Y. March 4, 2008); United States v. Lewis, No. 01-CR-280, 2008 WL 545008 (N.D.N.Y. Feb. 26, 2008).

### B.       "Waiver" of the Mandatory Minimum

Defendant's second argument – that by its § 5K1.1 Motion, the Government "removed the overlay of the mandatory minimum," thus making the guideline range alone "relevant" – is contrary to the Third Circuit's decision in Cordero, 313 F.3d 161.  There, the defendant Cordero argued that the sentencing court should have used the applicable guideline range –  rather than the statutory mandatory minimum –  as the starting point for calculating the downward departure requested by the Government in its § 5K1.1 Motion.  Id. at 162-63.  The Court rejected Cordero's argument:

> The mandatory period of incarceration is not waived.  Rather, it subsumes and displaces the otherwise applicable guideline range and thus becomes the starting point for any departure or enhancement that the sentencing court may apply in calculating the appropriate sentence under the guidelines.

Id. at 165-66.  This holding is consistent with that of every Circuit that has addressed the issue. United States v. Auld, 321 F.3d 861, 865 (9th Cir. 2003); United States v. Stewart, 306 F.3d 295, 332 (6th Cir. 2002); United States v. Li, 206 F.3d 78, 89 (1st Cir. 2000); Head, 178 F.3d at 1206-08; United States v. Pillow, 191 F.3d 403, 407-08 (4th Cir. 1999); Unites States v. Schaffer, 110 F.3d 530, 53-34 (8th Cir. 1997); United States v. Hayes, 5 F.3d 292, 295 (7th Cir. 1993).

The analysis Defendant urges would put him in a better position than would have obtained had Amendment 706 been in place at the time of his 1999 sentencing.  Under the reasoning in Cordero, the 120 month mandatory minimum sentence necessarily would have been the starting point for Judge Hutton's calculation of the downward departure sought by the

Government.  Accordingly, had Amendment 706 existed in 1999, Defendant's sentence necessarily would have been the same (even though his guideline range would have been lower).

IV.    **Conclusion**

The two arguments Defendant offers are meritless.  Moreover, even if Defendant's first argument were correct – that § 3582(c)(2) requires me to re-sentence Defendant – <u>Cordero</u> would nonetheless require me to impose the same sentence as that imposed by Judge Hutton.

In these circumstances, Amendment 706 does not entitle Defendant to any reduction in the sentence he is presently serving.


BY THE COURT.

*/s Paul S. Diamond*

_____
Paul S. Diamond, J.